## No. 9020.

## United States Casualty Company v. Ellison.

*Passenger—Who is—Contract Construed.*—Action upon a policy against accidents sustained "while the insured is a passenger in a public conveyance provided by a common carrier for passenger service." Plaintiff was the attorney of a railway company, but enjoyed other clients, and maintained an office separate from that of the company. At the time of the injury he was riding in a railway auto car operated by the railway

company partly for the accommodation of its officials and partly for the carriage of passengers for hire, and was traveling upon a free pass, partly upon the business of the railway company, and partly upon the business of other clients. *Held* that he was a passenger within the meaning of the policy.

*Error to El Paso District Court, Hon. W. S. Morris, Judge.*

Mr. R. L. HOLLAND, Mr. GEORGE W. BIERBAUER, for plaintiff in error.

Mr. IRA HARRIS, Mr. ROBERT S. ELLISON, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error seeks to reverse a judgment against it, rendered in an action by defendant in error on an accident insurance policy.

The policy covered injury sustained "while the insured was a passenger and was in or on a public conveyance provided by a common carrier for passenger service," and the case turns upon the question of whether or not plaintiff's injury was sustained under the conditions thus stated.

It appears that, some weeks before plaintiff was injured, the railroad company, which operated the line between Colorado Springs and Cripple Creek, put in operation on said line an automobile rebuilt so as to run on the rails. Defendant in error was attorney for said company, on a salary, but not devoting his time exclusively to the company's business, and having offices apart from the company's offices. On the day of the accident, he boarded this automobile at Colorado Springs to go to Cripple Creek, to attend to some business for the railroad company, and for one or two other clients. When the car was within the limits of Cripple Creek, it was run into by a freight engine, and the defendant in error was thrown out, and seriously injured.

For the plaintiff in error it is contended that the injury was not sustained in the manner which the policy prescribes as a condition of recovery, for the reason, first, that

the railroad company was not at the time acting as a common carrier in operating the motor car, and, second, because said car was not at the time a public conveyance. It is also urged that defendant in error was an employee of the company, and not a passenger.

The cause was tried to the court, and evidence was introduced on both sides as to the use of the motor car, its mode of operation, etc. There was no substantial conflict on these matters, the evidence showing that, although the car was used largely for the convenience of the officers of the company, it was used also for the conveyance of passengers for hire. The evidence was sufficient to support the court's finding against defendant on both of these points.

It is not material that defendant in error was traveling on a pass issued by the company, since that fact did not change his status as a passenger, nor relieve the company of its duty to him as a passenger. This point is too well settled to require the citation of authorities.

Cases are cited to support the contention that defendant in error was an employee of the company, and hence not a passenger, but they do not apply to the facts in this case. While attorneys have in some cases been held to come within the term "employees," when, in court orders, etc., it clearly appeared that such was the intent, the cases are numerous in which it has been held that attorneys are not employees in the ordinary sense of that term.

Defendant in error was on his way to Cripple Creek on business of his profession, and the fact that a part of that business was for the railroad company did not make him any the less a passenger on the Company's car while en route to the point where he was to transact such business.

We are of the opinion that the case was correctly determined, and the judgment is accordingly affirmed.

*Judgment Affirmed.*

Upon petition for rehearing Mr. Justice White withdraws his concurrence in department opinion heretofore an-

nounced.   That opinion is therefore withdrawn and this opinion of the court *en banc* substituted in lieu thereof.

Mr. Justice White dissenting.

Decided June 3, A. D. 1918.   Rehearing denied December, 2, A. D. 1918.